# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   v.                                              **Case No. 06-CR-140**

**REGINALD RUSSELL**
        **Defendant.**

## DECISION AND ORDER

Defendant Reginald Russell filed a motion for early termination of his supervised release. The government responded in opposition, and defendant replied. The matter is fully briefed and ready for decision.

## I. BACKGROUND

On March 6, 2007, defendant pleaded guilty to distribution of heroin, and on September 27, 2007, I sentenced him to 54 months in prison followed by 6 years of supervised release. He completed the prison sentence on October 2, 2009, commencing supervised release.

On April 15, 2010, May 11, 2010, June 5, 2010, and January 20, 2011, defendant tested positive for heroin. On February 27, 2011, Milwaukee police officers conducted a traffic stop on a vehicle in which defendant was riding after observing the vehicle aggressively changing lanes. Defendant consented to a search of his person, pursuant to which officers discovered one rock of crack cocaine, weighing approximately 1.77 grams, in his right front pants pocket. Defendant was subsequently charged with possession of cocaine, second or subsequent offense, in Milwaukee County Circuit Court. On April 20, 2012, defendant was convicted of this offense and sentenced to one year of probation.

On May 22, 2012, I convened a revocation hearing based on defendant's possession conviction and positive drug tests. Defendant admitted the violations, and I revoked his supervision. Based primarily on his efforts to deal with his substance abuse problems following the February 2011 arrest, I sentenced defendant to 1 day in prison followed by 3 additional years of supervised release.

On May 30, 2013, defendant filed the instant motion for early termination. In the motion, defendant indicates that on April 20, 2013, he successfully discharged from his Wisconsin probation. He further indicates that he has been compliant with the terms of his federal supervision since May 2012. Aside from random drug testing, periodic office appointments, and home visits, he receives no services from the United States Probation Department. He notes that he has been under the supervision of the United States, in one form or another, since his initial appearance in this case in July of 2006, and contends that he has been adequately punished, presents no threat to the community, and requires no further services.

## II. DISCUSSION

The district court may terminate a defendant's supervised release if (1) he has served at least one year; (2) considering the sentencing factors in 18 U.S.C. § 3553(a) as well as the defendant's conduct, termination is in the interest of justice; and (3) the government is given notice and an opportunity to be heard. See 18 U.S.C. § 3583(e)(1); United States v. Medina, 17 F. Supp. 2d 245, 245 (S.D.N.Y. 1998). The first and third factors are satisfied. However, I cannot conclude that early termination would be in the interest of justice.

Courts have generally concluded that the conduct of the defendant needed to justify termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination. Instead, courts have

generally granted early termination only in cases involving some new or unforeseen circumstance, which may include exceptionally good behavior, or where supervision hinders rather than facilitates the defendant's rehabilitation. See, e.g., United States v. Kay, 283 Fed. Appx. 944, 946-47 (3d Cir. 2008); United States v. Atkin, 38 Fed. Appx. 196, 198 (6th Cir. 2002); United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997); United States v. Thomas, No. 1:07-CR-72, 2012 WL 3870523, at *2 (N.D. Ind. Sept. 6, 2012); United States v. Bauer, No. 5:09-cr-00980, 2012 WL 1259251, at *2 (N.D. Cal. Apr. 13, 2012); Folks v. United States, 733 F. Supp. 2d 649, 651-52 (M.D.N.C. 2010); Medina, 17 F. Supp. 2d at 246-47. The defendant bears the burden of demonstrating that early termination is justified. See United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006) (citing United States v. Weintraub, 371 F. Supp. 2d 164, 167 (D. Conn. 2005); United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)).

In the present case, defendant relies on his compliance since the previous revocation. While defendant is to be commended for his progress – it appears that he has been drug free for about two years now – this does not support early termination. The court expects those on supervision to abstain from illicit drug use and otherwise follow the rules of release. Defendant points to no new or unforeseen circumstances; he does not otherwise discuss his behavior in the community; and he makes no argument that supervision hinders his rehabilitation.[1]

Review of the pertinent § 3553(a) factors also supports continued supervision. Defendant has a substantial prior record, including convictions for possession with intent to

---

[1]Defendant notes that supervision precludes him from voting. However, I cannot conclude that this disability, imposed by state law, justifies terminating after completion of barely 1/3 of the imposed term.

3

deliver cocaine in 1990, possession of marijuana in 1991, cocaine delivery in 1994, forgery in 1995, felon in possession of a firearm in 1998 and 2001, and issuance of a worthless check and bail jumping in 2000. He was on extended supervision for the 2001 felon in possession case when he committed the instant offense. The court allowed him to be released on bond in this case, but he was quickly revoked based on a positive drug test. And, as discussed above, after he completed the prison sentence I imposed, he violated the conditions of supervised release, including new criminal conduct, leading to a revocation in May 2012. Continued supervision is needed to protect the public and deter defendant from further violations of the law. 18 U.S.C. §§ 3553(a)(1), (a)(2)(B) & (C). Defendant also has a long history of substance abuse, including cocaine and heroin. While it appears that defendant is enjoying a sustained period of sobriety, continued supervision – and testing – is necessary to ensure that he stays on the right track and that his treatment needs are addressed. 18 U.S.C. § 3553(a)(2)(D). It is true that defendant has been under federal control for nearly seven years now; however, much of that time has been spent in custody, not in the community. Termination of supervised release is not appropriate at this time.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 317) is **DENIED.**

Dated at Milwaukee, Wisconsin, this 11th day of June, 2013.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge